UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Avraham Weinberg, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br> -v.-<br><br>Law Offices of Steven Cohen, LLC,<br>Velocity Investments, LLC,<br><br>      Defendant(s). | Civil Action No: 1:21-cv-4242<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Avraham Weinberg (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Law Offices of Steven Cohen, LLC (hereinafter referred to "Defendant Law Offices of S.C.") and Defendant Velocity Investments, LLC (hereinafter referred to as "Defendant Velocity"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Law Offices of S.C. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 540 East 180th Street, Suite 203, Bronx, New York 10457.

9. Defendant Velocity is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service of process at 3100 State Route 138, Wall Township, NJ 07719.

10. Upon information and belief, Defendants use the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Law Offices of S.C. sent an in initial collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Velocity;

   d. in which the letter states "If we do not accept the amount you send as payment in full satisfaction of debt, we will contact you before depositing your payment.";

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § 1692g et seq.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § 1692g et seq.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to June 4, 2021, upon information and belief, an obligation was allegedly incurred by Plaintiff for consumer transactions. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes.

22. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

23. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Upon information and belief, the original creditor, WebBank, transferred the subject defaulted debt to Defendant Velocity. Therefore, Defendant Velocity is "debt collector" as defined by 15 U.S.C. § 1692a (6).

25. Upon information and belief, Defendant Velocity contracted with Defendant Law Offices of S.C. for the purpose of debt collection. Therefore, Defendant Law Offices of S.C., a law firm, is a "debt collector" as defined by 15 U.S.C.§ 1692a (6), as it uses the instrumentalities of interstate commerce or the mails for its business, the principal purpose of which is the collection of any debts.

26. Defendant Velocity has policies and procedures in place that govern Defendant Law Offices of S.C.'s debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Velocity's control over Defendant Law Offices of S.C.'s collection practices.

27. By virtue of the relationship between the two Defendants, Defendant Velocity exercised control over Defendant Law Offices of S.C.'s while the latter was engaged in collecting the subject debt on behalf of the former.

28. Therefore, Defendant Velocity should be held vicariously liable for any and all violations committed by Defendant Law Offices of S.C.

*Violation – June 4, 2021 Collection Letter*

29. On or about June 4, 2021, the Defendant sent the Plaintiff an initial collection letter ("Letter") regarding the alleged debt. (See Letter at Exhibit A.)

30. The Letter includes information regarding a debt allegedly due to Defendant Velocity, including:

      Charged Off Principal:       $3283.18
      Charged Off Interest/Fees:   $329.76
      Post Charge Off Interest:    $0.00
      Balance Due:                 $3612.94

31. In the body of the text, the Letter states, "As of the date of this letter, you owe the amount set forth above. If we do not accept the amount you send as payment in full satisfaction of debt, we will contact you before depositing your payment. For further information, please contact the undersigned…"

32. Presumably, when the Letter states the "amount set forth above," Defendant Law Offices of S.C. refers to the balance due of $3,612.94.

33. Without context, the Letter cautions for the possibility that if "we do not accept the amount you send as payment in full satisfaction of debt."

34. The Letter does not make any reference to a settlement offer.

35. The Letter does not clearly invite the Plaintiff to engage in settlement discussions.

36. The Letter does state a balance due and does clearly explain that as of the "date of this letter, you owe the amount set forth above."

37. Therefore, the only amount that the Plaintiff could reasonably be expected to pay, based on reading the Letter as a whole, is the stated balance of $3,612.94.

38. However, as the Letter warns about the possibility that Defendant Law Offices of S.C. may not accept payment from Plaintiff, the only reasonable inference for why payment will not be accepted is that the balance may increase due to interest and/or fees.

39. If the balance is expected to increase, Defendant is obligated to state that it will either accept partial payment in full satisfaction of the debt or clearly state that the balance will increase.

40. Defendant Law Offices of S.C. failed to state either possibility, in violation of the law.

41. Therefore, Plaintiff did not know how much he needed to pay to fully satisfy the debt.

42. Alternatively, if Defendant Law Offices of S.C. was inviting Plaintiff to engage in settlement discussions, Defendant should have made that clear.

43. After reading the Letter, Plaintiff did not know what amount would fully satisfy the debt.

44. Providing a nebulous settlement offer to Plaintiff, without any parameters, left to the total discretion of the debt collector is misleading and deceptive.

45. Furthermore, Defendant Law Offices of S.C. could not have expected an average consumer, let alone the least sophisticated of them, to understand what they meant by, "[i]f we do not accept the amount you send as payment in full satisfaction of debt, we will contact you before depositing your payment."

46. Instead, this line is used as a ploy to lure the Plaintiff into calling their office.

47. Defendant Law Offices of S.C. is well aware that trained debt collectors will have more success at convicing consumers to pay more than the consumer has available in their budget once Defendant has them on the phone.

48. Debt collectors are prohibited from using such tactics to trick consumers into paying debts.

49. The FDCPA mandates that debt collectors convey a clear and meaningful message to consumers.

50. It is no excuse that the debt collector could have clarified what they meant on a subsequent telephone call.

51. Every dunning letter must be written in such a way that the least sophisticated consumer would understand from the letter itself what is going on with their debt collection.

52. As the Letter is open to more than one reasonable interpretation, it is deceptive.

53. As a result, the Plaintiff incurred an informational injury.

54. Plaintiff was left confused as to how much would satisfy his debt.

55. Defendant Law Offices of S.C.'s actions affected the decision-making process of the Plaintiff, causing him to sustain an injury in fact.

56. This confusion was material in that Plaintiff did not know how to handle repayment, which led Plaintiff to waste time and money trying to determine an appropriate course of action.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

59. Now, consumers have a right to receive dunning letters that are not false, deceptive, or misleading in any way. When a debt collector fails to effectively inform the consumer of their rights or obligations, in violation of statutory law, the debt collector has harmed the consumer.

60. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

61. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

62. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

63. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

66. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

67. Defendant violated §1692e:

   a. As the letter falsely represents the amount, character and/or legal status of the debt in violation of §1692e(2)(A); and

   b. As the letter makes a false and misleading representation in violation of §1692e(10).

68. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

71. Pursuant to 15 U.S.C. § 1692g:

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

       following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. <u>The amount of the debt</u>;
2. The name of the creditor to whom the debt is owed;
3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

72. Defendant violated this section by failing to meaningfully identify the amount of the debt, as required by §1692g(a)(1) in an initial collection letter.

73. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Avraham Weinberg, individually and on behalf of all others similarly situated, demands judgment from Defendant Law Offices of Steven Cohen, LLC and Defendant Velocity Investments, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 28, 2021                                        Respectfully Submitted,

                                                                              **STEIN SAKS, PLLC**
                                                                              **/s/ Tamir Saland**
                                                                              Tamir Saland, Esq.
                                                                              One University Plaza, Ste. 620
                                                                              Hackensack, NJ 07601
                                                                              Ph: 201-282-6500 ext. 101
                                                                              Fax: 201-282-6501
                                                                              tsaland@steinsakslegal.com
                                                                              *Counsel for Plaintiff*